UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. CR-10-180 |
| v. | : | |
| DEMETRIUS L. PAIGE, also known as "Meechie," | : | UNDER SEAL |
| Defendant. | : | |

FILED
JUL -1 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### GOVERNMENT'S MOTION TO SEAL THE PLEADINGS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a one-count Criminal Information charging him with: conspiracy to distribute and possession with intent to distribute one kilogram or more of Phencyclidine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iv). A copy of the plea agreement is attached.

The sealing is necessary because the attached plea agreement and related pleadings contain sensitive information, the disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning his pending case in this district, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigations, the government submits that public disclosure of the defendant's cooperation would likely compromise these ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general and the defendant's former associates in particular.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. The increased access afforded by PACER exacerbates this concern. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the

personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the pleadings, records, proceedings, and files in this case, and to delay the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel, Ross Hecht, Esquire, has been advised of the contents of this motion and has informed the undersigned prosecutor of his support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
Bar No. 447889

BY: _____
Anthony Scarpelli
Assistant United States Attorney
DC Bar 474711
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4126
Washington, D.C. 20530
(202) 353-1679
Anthony.scarpelli@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion has been served by first-class mail to counsel for the defendant, Ross Hecht, Esquire, at 14749 Main Street, Suite #7, Upper Marlboro, Maryland 20772, this 1st day of July, 2010.

/s/ Anthony Scarpelli
Anthony Scarpelli
Assistant United States Attorney